UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L. T. TUCKER, JR.,

        *Plaintiff*,

v.

J. SHAHEEN, Prison Guard,

        *Defendant*.
                           /

CASE NO. 09-CV-12942

DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO THE PRISON LITIGATION REFORM ACT

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

### II.    REPORT

#### A.    Introduction

Plaintiff is a prisoner who is currently incarcerated at the St. Louis Correctional Facility (SLF) in St. Louis, Michigan. Plaintiff filed this *pro se* Prisoner Civil Rights Complaint and Application to Proceed Without Prepayment of Fees on July 24, 2009, alleging that on June 12, 2009, Defendant Shaheen, a corrections officer at SLF, refused to mail over 800 pages of Plaintiff's legal documents to an attorney without first reading through the material, threatened

him, falsely charged him with misconduct, and conspired with Corrections Officer S. Harrington[1] to ensure that Plaintiff would be found guilty of the misconduct charge of "threatening behavior." (Compl. ¶¶ 14-29.) He alleges that the conspiracy was motivated by the numerous grievances and lawsuits he has filed.

The case was referred to the undersigned magistrate judge for pretrial case management on August 6, 2009. After reviewing Plaintiff's pending Application to Proceed Without Prepayment of Fees and Plaintiff's litigation history, I conclude that a report and recommendation recommending the denial of Plaintiff's application is warranted.

**B.     Three Strikes Law**

The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996. It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same). This district's procedure, therefore, is to screen all prisoner complaints for "three strikes" immediately upon filing so as not to expend valuable resources on a case where the court has no

---

[1] I note that Officer Harrington was named as a defendant in the complaint but does not appear on the court's docket.

authority to act. When determining whether a plaintiff has three prior cases that qualify as "strikes," the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). If three strikes are found, the court must then deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Id.* at 602-04.

**C.  Discussion**

Plaintiff Tucker is a prolific litigator in federal court. The Court's records reveal that Plaintiff has filed more than 50 cases in the U.S. District Courts for the Eastern and Western Districts of Michigan. He has filed 6 cases in this district since July 14, 2009.

More than three of Plaintiff's prior civil actions have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Tucker v. Chapin*, No. 4:94-cv-100 (W.D. Mich. June 30, 1994); *Tucker v. Kinney*, No. 4:94-cv-101 (W.D. Mich. June 30, 1994); *Tucker v. Hembree*, No. 4:94-cv-105 (W.D. Mich. July 15, 1994); *Percival, et al. v. Williams*, No. 1:00-cv-849 (W.D. Mich. Nov. 29, 2000). In addition, Plaintiff has previously been denied leave to proceed *in forma pauperis* for having three strikes. *See Tucker v. Smith*, No. 06-CV-94, 2006 WL 1155479 (W.D. Mich. April 26, 2006); *Tucker v. Bergh*, No. 06-CV-73, 2006 WL 1008985 (W.D. Mich. April 14, 2006).

Consequently, Plaintiff has three strikes and cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury must exist at the time the complaint is filed. *Rittner v. Kinder*,

3

290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id*.

Plaintiff has included in this complaint, as is his customary practice, a section entitled "Plaintiff Alleges [that] He Is Under Imminent Danger of Serious Physical Injury." (Compl. ¶¶ 33-50.) He states that "the 'threats' of being under imminent danger of serious physical injury is [sic] real, 'persistent,' 'imminent,' 'immediate,' and 'proximate.' To happen in the near future." (Compl. ¶ 47.) As other courts have recognized, it appears that Plaintiff's claims of imminent danger have been included in his complaint solely to avoid application of the three strikes rule. In 2006, the Chief Judge of the U.S. District Court for the Western District of Michigan stated the following in an order denying Plaintiff Tucker leave to proceed *in forma pauperis*:

> [T]he court notes that Plaintiff has filed at least 39 cases in this court. In many of these cases Plaintiff claims that he was threatened with being assaulted or killed. However, based on Plaintiff's litigation history, such threats do not appear to have deterred Plaintiff from filing civil actions. The court notes that Plaintiff's claims of imminent danger appear to be included in his complaint solely for the purpose of avoiding the effect of the three strikes rule. As such, Plaintiff's allegations do not appear to constitute imminent danger of serious physical injury.

*Tucker v. Smith*, No. 2:06-CV-94, 2006 WL 1155479 (W.D. Mich. April 26, 2006). Once again in this case, Plaintiff claims that corrections officers have threatened to assault or kill him if he pursues his grievances and lawsuits. However, verbal threats alone are insufficient to establish "imminent danger" under 28 U.S.C. § 1915(g). *See Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007).

Accordingly, I suggest that Plaintiff has not alleged facts which show that he is under immediate or specific danger of future serious physical injury. Therefore, because Plaintiff attained three strikes prior to filing this case, I suggest that Plaintiff's Application to Proceed

4

Without Prepayment of Fees and Costs be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                               s/ *Charles E Binder*
                                                               CHARLES E. BINDER
Dated: September 8, 2009                         United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on L. T. Tucker, Jr., #132271, at St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI, 48880-9210, and served on District Judge Edmunds in the traditional manner.

Date:  September 8, 2009                   By     s/*Jean L. Broucek*
                                                          Case Manager to Magistrate Judge Binder